794 F.2d 1016
 Maurice DAHL, Gary Clark, W. Grantham, Robert Daniele,
Charles Dahl, Dowayne Bockman, Ray Dilbeck, Richard Koon,
Art Overgarrd, Jack Yeager, Accra Tronics Seals Corp., and
Aaron Heller, Plaintiffs-Appellees,
v.
Billy J. "B.J." PINTER, Black Gold Oil Company, Pinter
Energy Company, and Pinter Oil Company,
Defendants-Appellants.
 No. 84-1970.
 United States Court of Appeals,
Fifth Circuit.
 July 21, 1986.
 
 Braden W. Sparks, Newman, Shook & McManemin, Dallas, Tex., for defendants-appellants.
 John A. Spinuzzi, Denton, Tex., for plaintiffs-appellees.
 Appeal from the United States District Court for the Northern District of Texas.
 Before BROWN, REAVLEY, and HILL, Circuit Judges.
 ON PETITION FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC
 (Opinion April 18, 1986, 5th Cir., 1986, 787 F.2d 985)
 PER CURIAM:
 
 
 1
 A member of the Court in active service having requested a poll on the reconsideration of this cause en banc, and a majority of the judges in active service not having voted in favor of it, rehearing en banc is denied.
 
 
 2
 Before CLARK, Chief Judge, GEE, RUBIN, REAVLEY, POLITZ, RANDALL, JOHNSON, WILLIAMS, GARWOOD, JOLLY, HIGGINBOTHAM, DAVIS, HILL, and JONES, Circuit Judges.
 
 
 3
 EDITH H. JONES, Circuit Judge, with whom CLARK, Chief Judge, GEE, JOLLY, HIGGINBOTHAM, and DAVIS, Circuit Judges, join, dissenting from denial of rehearing en banc:
 
 
 4
 I must respectfully dissent from the Court's decision denying rehearing en banc. I do not agree that the panel majority and Judge Brown's dissent differ only in application of settled law to the facts. Quite the contrary, the chasm between the majority and dissenting opinions is strictly one of law.
 
 
 5
 First, the majority opinion changes the law regarding the definition of a "seller" of securities. The long-standing Fifth Circuit test for identifying a "seller" under the 1933 Act is whether the alleged seller's conduct was a "substantial factor" in causing the purchase. See Hill York Corp. v. American International Franchises, Inc., 448 F.2d 680 (5th Cir.1971); Lewis v. Walston & Co., Inc., 487 F.2d 617 (5th Cir.1973). This Court's seminal decisions in Hill York and Lewis have been widely cited and followed by other circuits. See, e.g., S.E.C. v. Murphy, 626 F.2d 633 (9th Cir.1980); Stokes v. Lokken, 644 F.2d 779 (8th Cir.1981); Davis v. Avco Financial Services, Inc., 739 F.2d 1057 (6th Cir.1984), cert. denied, --- U.S. ----, 105 S.Ct. 1359, 84 L.Ed.2d 381 (1985). The panel majority specifically found that Dahl met the "substantial factor" test, yet declined to hold that he was a "seller," because, according to the majority, Dahl had no expectation of financial benefit. Until this opinion, expectation of financial benefit played no role--express or implied--in the determination of "seller" status. According to the majority, the test is no longer "substantial factor" but "substantial factor plus expectation of financial benefit." As Judge Brown stated in his dissent, this new restriction has absolutely no foundation in either settled securities law or its underlying policies.
 
 
 6
 I sympathize with the panel's evident concern regarding an overly broad definition of "seller" lest a cocktail conversation should lead to unwarranted liability under section 12(1) of the 1933 Act. Dahl, however, was performing a role far more significant than that of "happy hour investment advisor." The policy behind the "substantial factor" test, unadulterated by the majority's gloss, is fully satisfied by holding Dahl to be a "seller." We need not speculate, therefore, on how a true cocktail conversationalist might defend himself consistent with that test.
 
 
 7
 The second major divergence between the majority opinion and the dissent is also purely one of law. The majority declines to apply a recent Supreme Court case which, in the context of a private cause of action for a securities violation, fashions an explicit test for allowance of the in pari delicto defense. See B. Eichler, H. Richard v. Berner, 472 U.S. ----, 105 S.Ct. 2622, 86 L.Ed.2d 215 (1985). Rather, the majority ruled that the disposition of the in pari delicto issue raised on this appeal was controlled by a venerable Fifth Circuit case which, as correctly pointed out by the dissent, does not even discuss the in pari delicto defense. The majority's confusion regarding the controlling principles of law is evident in its hapless attempt to distinguish Eichler on the grounds that the Eichler test "mirrors the classic formulation of the in pari delicto doctrine." Finally, the majority apparently suggests that Eichler should be confined to section 10(b) actions. Eichler does not remotely suggest such a result. In fact, it was conceded in Eichler that the in pari delicto defense should be available when Congress expressly provides for private remedies (e.g., actions under the 1933 Securities Act); the issue for decision was whether the defense should be unavailable when the private cause of action is implied (e.g., a Rule 10b-5 action). The Supreme Court rejected this distinction, ruling that the in pari delicto doctrine applies to implied causes of action under the federal securities laws as well as to private causes of action expressly provided for by Congress. 105 S.Ct. at 2628, 86 L.Ed.2d at 223-24. Thus, any reasonable reading of Eichler indicates that its formulation of the in pari delicto defense applies to actions instituted under the '33 Act as well as actions brought pursuant to 10b-5.
 
 
 8
 In sum, the panel majority has erred in its choice of controlling legal principles rather than its application of settled law to the facts. The practical implication of its error is obvious. A fence-straddler, such as Dahl, can promote and participate in an illegal sale of unregistered securities and, if the investment does not pay off, turn around and sue the issuer to recover his investment. This lamentable result may actually encourage future violations, thereby thwarting federal securities policy. Finally, in light of the panel majority's cloudy discussion of the in pari delicto doctrine, I am left wondering about the doctrine's current place in this Circuit's law. Are we really holding that the Eichler formulation of the in pari delicto doctrine does not apply to actions arising under the 1933 Act? Do we have any valid rationale for doing so? If not, on what basis are we to decide whether to apply Eichler in future cases? Reshaping the law in order to reach a predetermined desired outcome has created an ill-conceived precedent on two significant legal issues affecting securities litigation. Believing that it is our duty to refrain from such reshaping and to follow the obvious lead of the Supreme Court in Eichler, I dissent from the Court's denial of rehearing en banc.